UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BATTRICK D. KINSLOW #295221, | ) |
| | ) |
| Plaintiff, | ) No. 3:14-cv-02280 |
| | ) Chief Judge Sharp |
| v. | ) |
| | ) |
| AVRIL CHAPMAN, Warden, | ) |
| | ) |
| Defendant. | ) |

## M E M O R A N D U M

Plaintiff Battrick Kinslow, an inmate at the South Central Correctional Facility in Clifton, Tennessee, has filed a *pro se, in forma pauperis* petition for a writ of *habeas corpus* brought pursuant to 28 U.S. § 2241. (Docket No. 1).

**I.    Background**

The petitioner is currently serving a fifteen-year sentence in state court on his 2005 sentence for solicitation of murder. (Docket No. 1 at 5). He has a federal hold as well, in Case No. 4:03-cv-042-001. (*Id*.) In May 2013, while on parole for both his state and federal cases, his federal parole was revoked, and that revocation then triggered a revocation of his state parole. (*Id*.). Kinslow appealed his state parole revocation to the Tennessee Board of Parole, and his appeal was denied. (*Id*., Attach. 3). He did not seek judicial review of the Board of Parole's decision. (Docket No. 22 at pp. 2, 5).

On November 20, 2014, Kinslow filed the instant *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Docket No. 1). On January 14, 2015, the court ordered the respondent to file a response to the petition. (Docket No. 7). The respondent then filed a motion to dismiss the petition without prejudice based on the petitioner's failure to exhaust state remedies

as required by 28 U.S.C. § 2254(b)(1)(A) and applied to petitions brought under 28 U.S.C. § 2241. (Docket No. 19). The petitioner filed a response in opposition to the motion to dismiss. (Docket No. 22). On June 19, 2015, the court ordered the respondent to reply to the arguments raised in the petitioner's response. (Docket No. 27). The respondent filed its reply on June 26, 2015. (Docket No. 30).

## II.     Exhaustion of Administrative Remedies

28 U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of *habeas corpus* on behalf of a state prisoner unless, with certain exceptions, the prisoner has presented the same claim sought to be redressed in a federal habeas court to the state courts. *Cullen v. Pinholster*, —U.S. —, 131 S. Ct. 1388, 1398, 179 L.Ed.2d 557. The petitioner must "fairly present" each claim to all levels of state court review, up to and including the state's highest court on discretionary review, *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L.Ed.2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48, 119 S .Ct. 1728, 144 L.Ed.2d 1 (1999).

This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, each and every claim set forth in the federal *habeas corpus* petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir.1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review"). Moreover, the substance of the claim must have been presented as a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162–63, 116 S. Ct. 2074, 135 L.Ed.2d 457 (1996).

2

Tennessee Supreme Court Rule 39 eliminated the need to seek review in that court in order to "be deemed to have exhausted all available state remedies." *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003), *cert. denied*, 541 U.S. 956, 124 S. Ct. 1654, 158 L.Ed.2d 392 (2004); *see also Smith v. Morgan*, 371 F. App'x 575, 579 (6th Cir. 2010) ( "*Adams* not only requires the federal courts to ensure that the state courts have the first opportunity to review and evaluate legal claims . . . but also mandates that the federal courts respect the duly-promulgated rule of the Tennessee Supreme Court that recognizes the law and policy-making function of that court and the court's desire not to be entangled in the business of simple error correction"). Thus, for purposes of exhaustion, the Court of Criminal Appeals is the highest available state court in Tennessee. *Adams*, 330 F.3d at 402.

The exhaustion requirement pertains to claims brought under § 2241. *See Phillips v. Court of Commons Pleas, Hamilton County, Ohio,* 668 F.3d 804, 810 n.4 (6th Cir. 2012). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

**III.** <u>**Respondent's Motion to Dismiss for Failure to Exhaust State Remedies**</u>

Kinslow raises three claims in his § 2241 petition. Claims 1 and 3 concern the petitioner's federal sentence. Claim 2 concerns the petitioner's parole revocation by the Tennessee Board of Parole.

In Tennessee, persons dissatisfied with a decision of the Board of Parole may obtain judicial review using a petition for common-law writ of certiorari. *See Himes v. Tennessee Dep't of Corrections*, M2011-02546-COA-R3CV, 2012 WL 7170480, at *2 (Tenn. Ct. App. Dec. 6, 2012). Through the writ of certiorari, a petitioner may seek a determination of whether the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Hopkins v. Tennessee Board of Paroles*

3

*& Probation*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001). Such a petition must be filed within 60 days from the entry of the order or judgment for which review is sought or, if a timely administrative appeal is pursued, within 60 days of entry of the final decision from the administrative appeal. *Tenn. Code. Ann*. § 27-9-102; *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984).

The State of Tennessee seeks dismissal of Claim 2 of Kinslow's instant § 2241 petition on grounds that the petitioner has not fully exhausted this claim in state court by seeking judicial review through a petition for common-law writ of certiorari. (Docket Nos. 12, 30 at p. 3). It is undisputed that the Tennessee Board of Parole notified the petitioner on May 19, 2014, of its decision to deny Kinslow's appeal of his parole revocation. (Docket No. 1, Attach. 3 at p. 1). Although Kinslow appealed the Tennessee Board of Parole's decision to revoke his parole, Kinslow never sought review of his due process and equal protections claims through a writ of certiorari. At this point, he has lost the ability to do so because the time for filing the writ expired almost a year ago.[1]

Kinslow argues that his state court remedy was exhausted when he was notified that the Board of Parole's decision had become final. (Docket No. 22 at pp. 1-2). This argument conflates the commencement of the statute of limitations period and the exhaustion requirement. Even if the statute of limitations commenced when Kinslow learned that his parole revocation appeal had been denied, he was still under an obligation to exhaust his claim by pursuing a state court writ of certiorari. *See Hill v. Qualls*, No. 3:13-cv-00099, 2013 WL 1666740, at **4-5 (M.D. Tenn. Apr. 17, 2013)(Campbell, J.). Kinslow also argues that he is exempt from exhausting his state remedies because there is no available state corrective process for his claim. (*Id*. at p. 2). However, the writ of certiorari is an available state corrective process for Kinslow's claim; he has not, as of now, taken

---

[1] As the respondent points out, Kinslow could attempt to file an out-of-time writ of certiorari. (Docket No. 30 at p. 4 n.1).

4

advantage of that process. Kinslow does not offer any cause to excuse the procedural default of claim 2 of the petition.

In sum, with respect to Claim 2 of the instant petition, Kinslow has failed to pursue appropriate relief in the state courts and is procedurally barred from doing so now. Because he failed to exhaust his state court remedies and because the present claim is time-barred, Claim 2 will be dismissed without a consideration of its merits. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012); *Hill*, 2013 WL 1666740, at **4-5. Accordingly, the State's motion to dismiss Claim 2 of Kinslow's federal habeas petition (Docket No. 19) will be granted.

In Claims 1 and 3 of his petition, Kinslow seeks release and credit toward his federal sentence. The respondent contends that these claims should be addressed by the United States Attorney General. Kinslow acknowledges that Claims 1 and 3 cannot be addressed by a state court. (Docket No. 22 at p. 2). As the State of Tennessee has no authority to alter or amend Kinslow's federal sentence or its terms, the court agrees with the State Attorney General that the United States Attorney General is the entity properly situated to respond to Claims 1 and 3.

### IV. Certificate of Appealability

A certificate of appealibility (COA) may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and it must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 336; *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a

5

showing that the appeal will succeed. *Cockrell*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not, however, issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, reasonable jurists cannot conclude that the court abused its discretion in granting the State's motion to dismiss Claim 2 of the petition. Thus, the court will deny a COA with regard to Claim 2.

**V.      Conclusion**

For the reasons explained herein, the court finds that the respondent's motion to dismiss (Docket No. 19) Claim 2 of the petition will be granted for failure to exhaust state court remedies. Therefore, as to Claim 2, the petition will be denied without prejudice to refile if and when the petitioner exhausts his state court remedies.

The court will deny a COA as to Claim 2. Any appeal of the court's decision would not be taken in good faith.

As to Claims 1 and 3 of the petition, the State Attorney General has no further obligation to respond to the claims on their merits. The proper entity to respond to these claims is the United States Attorney General.

An appropriate order will be entered.

Kevin H. Sharp
Chief United States District Judge